UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>KASSIE LYNNE CARDULLO, et al.,<br><br>Defendants. | No. 2:23-cv-1024 DJC AC PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Plaintiff, a prolific filer in this district[1], is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

---

[1] Plaintiff filed approximately 26 civil cases between 2016 and 2022, and just within the first half of 2023 he has already filed 5 cases in addition to this one: Van den Heuvel v. Barbour, 2:23-cv-00021-DAD-JDP (PS), (filed 01/05/23); Van den Heuvel v. Sooth, 2:23-cv-00361-TLN-KJN (PS) (filed 02/27/23); Van den Heuvel v. Pesce et al, 2:23-cv-00546-TLN-CKD (PS) (filed 03/22/23); Van den Heuvel v. A.M.P.M. Mini Mart, 2:23-cv-00752-TLN-AC (PS)(filed 04/20/23); Van den Heuvel v. Johnson et al, 2:23-cv-00777-DJC-CKD (PS)(filed 04/25/23). Many, if not most, of plaintiff's cases have been dismissed for lack of merit. Plaintiff is warned that continued abuse of the court's process could result in the entry of a vexatious litigant order against him, which would restrict his ability to file cases in this court. Plaintiff is likely aware of this mechanism, as other California courts have entered similar orders against him.

1

I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

The putative complaint is difficult to understand. It lists a single defendant, described as a "District Attorney Prosecutor violating immunities of guidelines :CA." ECF No. 1 at 2. When asked to list the amount in controversy plaintiff writes, "for our choices of due respective balances from the God in our hearts. The wrongful, intentful actions of placing someone under such incredible destinies of jail custody is requested claims of $30,000,000,000.00" and goes on to mention a "long history not investigated" related to a judge and a "journey of justified judicial mishaps and expensive learning convictions." Id. at 4.

The statement of claim is drafted in such a manner that it is difficult to decipher even though it is typed. Id. Plaintiff refers to having served jail time and having experienced homelessness, and mentions "wrongfully the false gun convictions." When asked to identify the relief sought, plaintiff mentions that he is waiting for renovations on a family home in Burlingame for two million dollars, mentions a home renovation business with "tools purchased over multiple years since starting a construction company in 1972," and makes a reference to the U.S. Navy SEALS. Id. Plaintiff also attaches an even more unintelligible petition for habeas corpus as an apparent supplement to the civil complaint. ECF No. 1 at 6-13.

////

////

III.  ANALYSIS

The complaint does not contain facts supporting any cognizable legal claim against any defendant.  The court finds that the complaint has no basis in law and presents no plausible facts that could support a claim.  See ECF No. 1.

Furthermore, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994).  Congress has granted federal courts jurisdiction over two general types of cases: those that "arise under" federal law, 28 U.S.C. § 1331, and those in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  Although plaintiff checked the box on the form complaint for federal question jurisdiction, ECF No. 1 at 3, the body of the complaint identifies no federal cause of action.  Where the form complaint asks plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," he has written:

> The Constitutional guidelines values ignored by a trusted placed procecutor, bound by performance guidlines of similar to judges, "canons" of due performances of "ethics" of Godly truth and deliverances of honor, absent predjudices, by personal hatreds or implied coersions by other coworkers in the relative fields of business. Whats expected is a truths, as the God within us impliments our dirrect actions to and for our fellows .

ECF No. 1 at 3.

Plaintiff has identified no federal cause of action, and his statement of claim (id. at 4) suggests none.  Because there is no plausible allegation that any federal law or right was violated, as is required under 28 U.S.C. § 1331, and there is no other basis for jurisdiction, the court finds there is no jurisdiction here.

The contents of the complaint are sufficiently unintelligible to make it clear that leave to amend in this case would not be fruitful.  The undersigned will therefore recommend that the complaint be dismissed with prejudice.

IV.    PRO SE PLAINTIFF'S SUMMARY

It is being recommended that your case be dismissed because it does not make any legal claims: you do not tell the court what law you think was violated, and your facts do not show that

any law was violated. While the court can tell that you feel you were disrespected, you can only get relief from a court if you show a violation of your rights under a law that creates a right to sue. Also, federal courts cannot hear all types of cases. Your complaint does not include any information that shows this court has jurisdiction. For these reasons, the magistrate judge is recommending that your case be dismissed. You have 21 days to object to this recommendation.

## V.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be summarily DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: June 2, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE